UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAN BRINKMAN, <br><br> Plaintiff, <br><br> v. <br><br> SOCIAL SECURITY ADMINISTRATION HEADQUARTERS, et al., <br><br> Defendants. | CASE NO. C17-5661 BHS <br><br> ORDER DENYING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* AND MOTION TO APPOINT COUNSEL AND DISMISSING COMPLAINT *SUA SPONTE* |

This matter comes before the Court on Plaintiff Dan Brinkman's ("Brinkman") motion to proceed *in forma pauperis* (Dkt. 1), proposed complaint (Dkt. 1-1), and motion for appointment of counsel (Dkt. 1-3).

On August 21, 2017, Brinkman filed the instant motions and proposed complaint alleging a massive government conspiracy intended to wrong Brinkman and his wife. *Id*. The alleged conspiracy started during the Clinton administration and continued through the Bush and Obama administrations. *Id*. Although this is Brinkman's first pro se complaint in this Court, he has filed several pro se complaints in the United States District Court for the District of Oregon. *See Brinkman v. IRS, et al.*, Case #: 3:13-cv-

ORDER - 1

01434-SI (D. Or.); *Brinkman v. Ross*, *et al.*, Case #: 3:11-cv-00489-HZ (D. Or.); *Brinkman v. Grant, et al.*, Case # 3:11-cv-00118-BR (D. Or.); *Brinkman v. Leatherwood, et al.*, Case # 3:10-cv-01133-KI (D. Or.); *Brinkman v. Liberty Tax Service, et al.*, 3:10-cv-00192-HU (D. Or.). Most of these cases were dismissed *sua sponte*, and none of the complaints survived a motion to dismiss. The instant complaint is similarly flawed.

The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a); W.D. Wash. Local Rules LCR 3(b). However, the "privilege of pleading *in forma pauperis* . . . in civil actions for damages should be allowed only in exceptional circumstances." *Wilborn v. Escalderon*, 789 F.2d 1328 (9th Cir. 1986). The court has broad discretion in denying an application to proceed *in forma pauperis*. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). Here, Brinkman's *in forma pauperis* application shows that he is unable to prepay fees and costs. *See* Dkt. 1.

However, even if a plaintiff satisfies the financial requirements for eligibility to proceed *in forma pauperis*, the Court's review of the application and underlying complaint is not complete. Under the *in forma pauperis* statute, the Court must dismiss the case *sua sponte* if it determines at any time that (1) the allegation of poverty is untrue, (2) the action is frivolous or malicious, (3) the complaint fails to state a viable claim, or (3) the action seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *Jackson v. State of Arizona*, 885 F.2d 881, 882 (9th Cir. 1989). A complaint is frivolous "where it lacks an

arguable basis either in law or fact." *Neitzke*, 490 U.S. at 325; *Lopez v. Dep't of Health Servs.*, 939 F.2d 881, 882 (9th Cir. 1991); *Jackson*, 885 F.2d at 640..

In this case, Brinkman's complaint lacks an arguable basis in law or fact. While it seems that the trigger for Brinkman's filing was the denial of his social security benefits, Brinkman must exhaust his administrative remedies before challenging the denial in this Court. More importantly, the denial of such benefits does not form a factual basis for a federal and multi-state government conspiracy to harm Brinkman. Simply put, Brinkman's allegations are not plausible on their face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Therefore, the Court *sua sponte* **DISMISSES** Brinkman's complaint, **DENIES** his motion to proceed *in forma pauperis*, and **DENIES** his motion to appoint counsel. The Clerk shall close this case.

**IT IS SO ORDERED**.

Dated this 24th day of August, 2017.

BENJAMIN H. SETTLE
United States District Judge